## Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo

*Jeffrey M. Stopford,* for plaintiff.
*Allan D. Windt,* for garnishee.

HILL, *J.,* January 20, 1989 — This garnishment action was commenced by plaintiff, Concepcion L. Rivera, who holds a judgment against Our Lady of Lourdes Catholic Church. The garnishee, Zurich Insurance Company, is the insurer of Our Lady of Lourdes Catholic Church. Zurich is based in Illinois with a local office in Pittsburgh, Pa.

On November 8, 1988, plaintiff served Zurich Insurance Company with garnishment papers. Service was made personally, by a competent adult, on a Zurich employee. On November 22, 1988, Zurich filed preliminary objections on the grounds that service was ineffective and venue improper.[*]

## Service of Process

Plaintiff contends that service on November 8, 1988 was proper because it was made in accordance with Pa.R.C.P. 3112(b) (2) which permits a plaintiff to serve a garnishee outside the state by having a competent adult serve the garnishee personally. Plaintiff further contends that even if this method was improper, Pa.R.C.P. 126 gives this court the power to overlook the mistake and proclaim the service effective. Plaintiff's contentions are erroneous.

---

[*] Plaintiff had previously attempted service upon Zurich by mail on November 25, 1987 and by personal service by an adult resident of Illinois on April 4, 1988. Zurich filed preliminary objections to both forms of service as ineffective. To date, no ruling has been made on either; however, at oral argument held on January 3, 1989, both parties agreed not to pursue those issues further.

Service in garnishment actions is governed by Pa. R.C.P. 3111(a) which provides:

"The writ shall be served by the sheriff upon the garnishee in the manner prescribed by rule 402(a) except as otherwise provided by rules 3112 and 3113. The sheriff shall furnish the garnishee with an additional copy of the writ for each defendant. If the garnishee served was not named in the writ, he shall be added as a garnishee and return made accordingly."

Rules 3112 and 3113 provide exceptions to the method of service in rule 402(a) under limited and very specific circumstances. Rule 3112 permits a plaintiff to serve a garnishee outside the commonwealth by having a competent adult serve the garnishee personally. Rule 3112, however, only applies where a plaintiff is attempting to garnish real property of defendant which is located in the commonwealth. In the action at bar, plaintiff is not attempting to garnish real property of defendant. Accordingly, service is not governed by rule 3112. Rule 3113 applies to executions against mortgages, judgments or other liens and likewise does not apply to the case at bar.

The remaining rule, 402(a), provides for personal service but only "to service within the commonwealth," Explanatory Comment-1985 preceding rule 400. Thus, rule 402(a) would not apply to service on a garnishee located outside the commonwealth, i.e., Zurich's Illinois office. However, Zurich does have an office within the commonwealth to which proper service may be made under rules 3111 and 402(a).

Plaintiff further requests that this court overlook any errors in service and declare the November 8, 1988 service effective. According to plaintiff,

Pa.R.C.P. 126 gives this court the authority to grant plaintiff's request. Rule 126 provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Plaintiff claims that since she could have effectively served Zurich by serving the writ upon the Insurance Commissioner under either the authority of 40 Pa.C.S. §421(c) or 40 Pa.C.S. §1006.13, the substantial rights of the parties would not be affected by declaring the November 8, 1988 service effective. It is the opinion of the undersigned that certain rights of the parties, including garnishee's choice of venue, would be affected by overlooking the errors in service involved in the instant case. Therefore, garnishee's preliminary objections to plaintiff's method of service on November 8, 1988 are sustained. Plaintiff should serve garnishee in Pittsburgh in accordance with rules 3111 and 402(a).

### Venue

Garnishee claims that venue in Philadelphia is improper where garnishee was served in Illinois. Since this court has found plaintiff's method of service in Illinois was ineffectice, the issue of venue is moot.

### ORDER

And now, January 20, 1989, upon consideration of Zurich Insurance Company's preliminary objections, it is hereby ordered that the preliminary objections are sustained.